UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM LITTLETON, | } |
| Plaintiff, | } |
| v. | } Case No.: 5:15-cv-01076-RDP-HGD |
| MICHAEL MILLER, et al., | } |
| Defendants. | } |

## MEMORANDUM OPINION

On December 19, 2016, the Magistrate Judge entered a Report and Recommendation (Doc. # 16), recommending that Plaintiff's Amended Complaint (Doc. # 12-1) be dismissed in part without prejudice. The Magistrate Judge provided Plaintiff fourteen (14) days in which to object to the Report; no objections were filed. This action arises out of Plaintiff's arrest on the night of October 26, 2013, the medical care (or lack thereof) he received following that arrest, and the collection of a urine sample from him at the Russellville Hospital.

### I.    Standard of Review

When reviewing a Magistrate Judge's report and recommendation, the court reviews those portions that are not specifically objected to under the "clearly erroneous" standard. *See Liberty Am. Ins. Grp., Inc. v. WestPoint Underwriters, L.L.C.*, 199 F. Supp. 2d 1271, 1276 (M.D. Fla. 2001).

### II.   Analysis

After careful consideration of the record in this case and the Magistrate Judge's Report and Recommendation, the court concludes that the Magistrate Judge's Report is due to be adopted in part and overruled in part. Additionally, the court defers its consideration of one

section of the Report pending a response from Defendant Michael Miller.  Below, the court explains its rulings.

### A.      Adopted Portions of the Report

The court concurs with the Magistrate Judge's conclusions that: (1) Defendant Miller should be directed to respond to Plaintiff's excessive force claim in Count VIII;[1] (2) Defendant Miller should be directed to respond to Plaintiff's deliberate indifference claim in Count I; (3) Plaintiff's Fourteenth Amendment claims against Defendants Miller, Peggy Williams, and Kellon White are due to be dismissed without prejudice for failure to state a claim; (4) Plaintiff's claims against Defendant Miller in his official capacity are due to be dismissed as redundant; and (5) Plaintiff's claims against Defendant City of Russellville are due to be dismissed without prejudice because Plaintiff has failed to plead a 42 U.S.C. § 1983 claim based on a custom or policy of the City.  Thus, Sections III(A)(1), III(A)(2), III(A)(4), and III(B) of the Magistrate Judge's Report are due to be adopted.

### B.      Analysis of Plaintiff's Fourth Amendment Unreasonable-Seizure Claims

One of Plaintiff's Section 1983 claims warrants further discussion. In Count VII of the Amended Complaint, Plaintiff has alleged that Defendants Miller, Williams, and White violated his Fourth Amendment rights by performing an unreasonable search or seizure.  (Doc. # 12-1 at 7-8).  After Plaintiff was transported to the Russellville Hospital, Defendant Miller allegedly directed or ordered Defendants Williams and White to obtain bodily fluids or urine from Plaintiff.  (*Id.* at 7).  Thereafter, Williams and White instructed Plaintiff to urinate in a jar.  (*Id.*).

---

[1] The court notes that Plaintiff's excessive-force claim should be analyzed under the Fourth Amendment, not the Eighth Amendment.  (Doc. # 16 at 6-7).  To be clear, the court liberally construes Count VIII of the Amended Complaint to present a Fourth Amendment claim, as opposed to an Eighth or Fourteenth Amendment claim.

According to Plaintiff, Williams and White threatened to obtain a urine sample by forcefully inserting a catheter if he did not voluntarily provide a sample. (*Id.*).

In the Report, the Magistrate Judge concluded that Plaintiff had stated a viable Fourth Amendment claim against Defendants Miller, Williams, and White. First, the Magistrate Judge determined that Plaintiff had raised a viable unlawful-seizure claim against Defendant Miller because his Amended Complaint indicated that the seizure of his urine did not fall within an established exception to the Fourth Amendment's warrant requirement. (Doc. # 16 at 11-15 (addressing whether the seizure fell under the consent exception or the exigent circumstances exception to the Fourth Amendment's warrant requirement)). Second, the Magistrate Judge concluded that Defendants Williams and White could be classified as state actors under Section 1983 because their involvement in procuring the urine sample met the State compulsion test. (*See id.* at 15-16). This latter conclusion is clear error. Moreover, the court finds it appropriate to defer review of the former conclusion until Defendant Miller has a chance to respond to the Report.

### 1. Plaintiff has Not Plausibly Alleged that Williams and White were State Actors

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). A deprivation of a plaintiff's rights is fairly attributable to the state when (1) it is "caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible," and (2) where the party charged with the deprivation is "a person who may fairly be said to be a state actor."

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal citations and quotations omitted).

In certain circumstances, a private party may be considered a state actor for purposes of Section 1983. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992); *see also Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 938-39 (1982). The Eleventh Circuit has directed district courts to determine whether one of three conditions is met for private parties, such as Defendants Williams and White, to be deemed state actors:

> (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution ("State compulsion test"); (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State ("public function test"); or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise[ ]" ("nexus/joint action test").

*Rayburn ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting *NBC, Inc. v. Communications Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988)). The State compulsion test is only met when a state "exercise[s] such coercive power or provide[s] such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state." *Wilcher v. City of Akron*, 498 F.3d 516, 519 (6th Cir. 2007) (quoting *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992)). The Magistrate Judge determined that the incident at the Russellville Hospital met the State compulsion test. (Doc. # 16 at 16). The court disagrees.

In his Amended Complaint, Plaintiff has asserted that Defendants Williams and White directed him to provide a urine sample, without a warrant, so that it could be examined by officers. (Doc. # 12-1 at 7-8). Plaintiff has not asserted, though, that Defendant Miller coerced these nurses to act on his behalf and obtain the sample. *Cf. Wilcher*, 498 F.3d at 519. Although Plaintiff has alleged that Miller ordered Williams and White to get a urine sample from Plaintiff,

4

this conclusory allegation of coercion, unsupported by any details of what orders were given by Miller, is insufficient to allege plausibly that Williams and White were state actors. *See Randall v. Scott*, 610 F.3d 701, 709-10 (11th Cir. 2010) ("A district court considering a motion to dismiss shall begin by identifying conclusory allegations that are not entitled to an assumption of truth – legal conclusions must be supported by factual allegations."). Most importantly, Plaintiff has presented no allegations from which the court could find that Defendants Williams and White lacked discretion to deny assistance to Defendant Miller.[2] And because Plaintiff's Amended Complaint has failed to demonstrate that Defendants Williams and White were coerced into acting without discretion, the court cannot attribute their conduct to the state. *Cf. Jarvis v. Village Gun Shop, Inc.*, 805 F.3d 1, 12-13 (1st Cir. 2015) ("Given that . . . the private storage companies have unfettered freedom of choice with respect to their participation in the statutory scheme, a finding of state compulsion will not lie.").

Accordingly, the court overrules the Magistrate Judge's conclusion in Section III(A)(3)(b) of the Report that Plaintiff has alleged a viable Section 1983 claim against Defendants Williams and White. Count VII of the Amended Complaint is thus due to be dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1).[3]

### 2. Defendant Miller will be Granted an Opportunity Address Whether Plaintiff's Fourth Amendment Unreasonable-Seizure Claim is Due to be Dismissed

The Magistrate Judge concluded in his Report that that the warrantless seizure of Plaintiff's urine sample did not fall within an established exception to the Fourth Amendment's

---

[2] This conclusion is consistent with the Eleventh Circuit's holding in *Harvey* that "private persons . . . who act pursuant to state statutes to commit the mentally ill cannot be held liable under section 1983." 949 F.2d at 1133. In *Harvey*, the Eleventh Circuit affirmed the dismissal of a complaint that contained Section 1983 claims against two private doctors. *See id.* at 1129.

[3] The court notes that it already has granted Plaintiff an opportunity to amend the complaint. (Doc. # 13).

requirement to obtain a warrant. (*See* Doc. # 16 at 12-15). The court agrees with the Magistrate Judge that Plaintiff's Amended Complaint has plausibly indicated that he did not grant voluntary consent. But the court is unsure whether the seizure described in the Amended Complaint was conducted under exigent circumstances, even after accounting for the alleged delay in transporting Plaintiff to a hospital for treatment.

The Supreme Court has instructed courts to look at the totality of the circumstances to determine whether an officer's warrantless search or seizure was justified by exigent circumstances. *Missouri v. McNeely*, 569 U.S. ___, 133 S. Ct. 1552, 1559 (2013). The Magistrate Judge's Report has addressed the factors the Supreme Court relied on in *Schmerber v. California*, 384 U.S. 757 (1966), to uphold a warrantless seizure of a blood sample from a suspected drunk driver. The Report also distinguished the present case from *Schmerber*. (Doc. # 16 at 13-15). But the Amended Complaint has provided no indication of whether Defendant Miller sought a warrant or was able to obtain a warrant at the time that the seizure occurred. The Supreme Court recognized in *McNeely* that "exigent circumstances justifying a warrantless blood sample may arise in the regular course of law enforcement due to delays from the warrant application process." *McNeely*, 569 U.S. at ___, 133 S. Ct. at 1563. At this point, the court is not certain that information about the availability of a magistrate or the warrant process can be produced by Defendant Miller or whether the court can consider such information under Federal Rule of Civil Procedure 12(b)(6). However, as Defendant Miller will be served with Plaintiff's Amended Complaint regardless, the court finds it more appropriate to allow him to respond to Plaintiff's unreasonable-seizure claim before deciding whether to adopt the Magistrate Judge's recommendation on that claim.

6

Thus, the court directs Defendant Miller to respond to Plaintiff's unreasonable-seizure claim within thirty (30) days of service. In particular, Defendant Miller shall address whether the court should adopt Section III(A)(3)(a) of the Magistrate Judge's Report and whether Plaintiff has stated an adequate Section 1983 claim against him for unlawful search and seizure.[4] Plaintiff may file a response, if any, within ten (10) days of Defendant Miller's response.

## III.     Conclusion

For the reasons stated above, the Magistrate Judge's Report (Doc. # 16) is due to be **ADOPTED IN PART** and **OVERRULED IN PART** as follows:

1. Counts II, III, IV, V, VI, VII, IX, and X of Plaintiff's Amended Complaint (Doc. # 12-1) are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim.

2. Defendants Williams, White, and City of Russellville are **DISMISSED** from this action.

3. Defendant Miller will be served with a copy of Plaintiff's Amended Complaint, the Magistrate Judge's Report, this Memorandum Opinion, and the accompanying Order. Within thirty (30) days of service, Defendant Miller **SHALL** file a response to the Magistrate Judge's Report addressing whether Plaintiff has stated an adequate Section 1983 claim for seizing a urine sample in violation of the Fourth Amendment. Plaintiff **MAY** file a reply, if any, within ten (10) days of Defendant's response. Thereafter, the court will determine whether to adopt Section III(A)(3)(a) of the Magistrate Judge's Report and refer the remaining claims in this action to the Magistrate Judge for further proceedings.

**DONE** and **ORDERED** this January 19, 2017.

_R. David Proctor (signature)_
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

---

[4] Defendant Miller does not need to submit a special report regarding this claim. The court is only considering whether the unreasonable-seizure claim should be dismissed for failure to state a claim based on the Rule 12(b)(6) standard, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).